UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE L. CRISP, III,<br><br>  Plaintiff,<br><br>  v.<br><br>G. WILLIAMS, et al.,<br><br>  Defendants. | No. 2:14-cv-2827 JAM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se and in forma pauperis with an action for violation of civil rights under 42 U.S.C. § 1983. On March 12, 2015, the court dismissed plaintiff's original complaint with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court has conducted the required screening with respect to plaintiff's amended complaint and finds that plaintiff fails to state a claim upon which relief can be granted. As he did in his original complaint, plaintiff asserts he is "morbidly obese" (5' 7" & 500 pounds) and has not received adequate assistance at the California Health Care Facility to lose weight. Plaintiff does not allege he cannot reduce his caloric intake in a safe manner by dieting, nor that he cannot engage in exercise on his own. Plaintiff's claim is essentially that he should be allowed to use physical therapy equipment at his prison to help him lose weight and that staff should be required to assist him with his training as he will then be able to maximize "caloric expenditure."[1] However, failing to provide plaintiff with exercise equipment and / or something akin to a

---

[1] While plaintiff asserts he suffers from various limitations as a result of his being overweight, like being confined to a wheelchair, he does not seek physical therapy with respect to those issues nor point to facts indicating it would be appropriate.

personal trainer does not amount to "cruel and unusual punishment" under the Eighth Amendment, see Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979) (opportunity for outdoor exercise one hour each day satisfies the Eighth Amendment) nor amount to a violation under any other federal law.  While plaintiff alleges that he has been "discriminated" against by prison officials, he fails to point to facts suggesting other inmates have access to exercise programs (not physical therapy for specific injuries) that plaintiff does not.

For these reasons, the court will recommend that plaintiff's first amended complaint be dismissed.  Because plaintiff has already been given one opportunity to amend his claims, and still fails to state a claim upon which relief can be granted, granting plaintiff leave to amend again would be futile.

In accordance with the above, IT IS HEREBY recommended that:

1.  Plaintiff's amended complaint be dismissed; and

2.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 27, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cris2827.14